IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-50147
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH THOMAS PARKER,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(DR-97-CV-29 & DR-92-CR-70-4)

August 1, 2000

Before HIGGINBOTHAM, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Thomas Parker appeals the denial of his motion under 28 U.S.C. § 2255 for relief from his federal marijuana possession and use and carrying of a firearm relating to a drug trafficking offense. Parker alleges that he received constitutionally ineffective assistance of counsel during a critical stage of the pretrial proceedings.

The relevant proceedings occurred at a docket-call hearing. At the hearing, Parker's retained attorney, as well as a partner of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that attorney representing two co-defendants, sought to withdraw as counsel and to obtain a continuance so that other counsel could be appointed. Only the partner attorney appeared at the hearing on behalf of both lawyers. The district court granted those motions. It also noted that if the government and any of the defendants could reach a plea agreement before 1:30 that day, the court would grant specific sentencing reductions and forgo other enhancements.

Parker complains that he was not advised of this offer, resulting in the denial of counsel at a critical stage of the proceedings. We disagree. The district court was not authorized to participate in or initiate plea negotiations. See United States v. Miles, 10 F.3d 1135, 1139 (5th Cir. 1993) (discussing Rule 11). As Parker presents no evidence that the government initiated plea negotiations, he fails to show that there was any "critical stage" from which he was denied counsel. We decline to adopt Parker's speculative theory that the court's offer of a deal indicated that it must already have conferred with the government.

We also reject Parker's Rule 11 argument as it was not raised before the district court.

AFFIRMED.